XAVIER BECERRA, State Bar No. 118517
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
ERICK J. RHOAN, State Bar No. 283588
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7363
 Fax:  (916) 322-8288
 E-mail:  Erick.Rhoan@doj.ca.gov
*Attorneys for Defendant R. Venable*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **JOHN DOVICHI,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT VENABLE; and DOES I to 100,**<br><br>Defendants. | 1:19-cv-00725-NONE-JLT<br><br>**STIPULATION OF PARTIES TO MODIFY THE COURT'S APRIL 17, 2020 SCHEDULING ORDER; PROPOSED ORDER**<br><br>(Doc. 32) |

Plaintiff, John Dovichi, and Defendant, Robert Venable, by and through their respective counsels of record, enter into this stipulation to modify the Court's April 17, 2020 Scheduling Order. The parties stipulate and agree as follows:

1. The parties seek to continue all dates by ninety-days, all remaining dates in the April 17, 2020 Scheduling Order; or similar dates that are convenient for the Court.

2. As illustrated below, the parties agree good cause exists for the modification of the Scheduling Order and request leave of the Court for the modification, and have diligently sought this continuance.

3. The Court previously modified its original September 23, 2019 Scheduling Order on April 17, 2020. (ECF No. 31.) The parties stipulated to modifying the original scheduling

1

order based on the parties' prior efforts to coordinate discovery and depositions until the COVID-19 pandemic delayed this litigation, along with others that counsels in this case are handling. (*Id.* at 2-3.) Defense counsel was also expecting the birth of his first child at the time. (*Id.* at 2.)

4. Since April 17, 2020, the parties have diligently attempted to resume discovery, however, discovery efforts temporarily halted when defense counsel's child was born and counsel was out of the office on a two-week bonding leave. Counsel returned to the office in June 2020.

5. The parties then arranged for Defendant Venable's deposition to be taken by videoconference on June 12, 2020. After Defendant Venable's deposition, the parties further discussed future deposition scheduling. Defendant also served additional records subpoenas relating to hospital care Plaintiff received. These records are being reviewed.

6. During this time, Plaintiff's counsel was also expecting the birth of another child and was subsequently out of the office for bonding leave. The parties were also managing their respective caseloads and attendant deadlines.

7. Defense counsel is preparing to be out of the office in September 2020 pursuant to the Family Medical Leave Act, and will be back in the office in October 2020. The parties expect that Plaintiff's deposition will be set in October 2020 as well.

8. Aside from Plaintiff's deposition, various other eye witnesses may also need to be taken. The arrangements for these depositions will also have to be made in light of the ongoing COVID-19 emergency.

9. Based upon the foregoing, the parties are diligently litigating this matter. However, due to the factors identified above, the parties require additional time to complete discovery.

10. To permit the parties sufficient time to complete discovery, the parties have agreed to extend the following deadlines from the Court's April 17, 2020 Scheduling Order:

///

///

///

///

///

| **Deadline** | **Current Date** | **Proposed Date** |
|---|---|---|
| Non-Expert Discovery | September 24, 2020 | December 23, 2020 |
| Expert Disclosures | October 8, 2020 | January 6, 2021 |
| Rebuttal Expert Disclosures | November 5, 2020 | February 3, 2021 |
| Expert Discovery | November 30, 2020 | February 29, 2021 |
| Non-Dispositive Motions | December 15, 2020 (and heard no later than January 12, 2021) | March 15, 2021 (and heard no later than April 12, 2021) |
| Dispositive Motions | January 26, 2021 (and heard no later than March 9, 2021) | April 26, 2021 (and heard no later than June 7, 2021) |
| Pre-Trial Conference | May 3, 2021 | August 2, 2021 |
| Trial | June 28, 2021 | September 27, 2021 |

11. The other provisions of the April 17, 2020 Scheduling Order shall remain in effect.

IT IS SO STIPULATED.

Dated:  August 21, 2020

*/s/ Erick J. Rhoan*
ERICK J. RHOAN
Deputy Attorney General
*Attorneys for Defendant R. Venable*

Dated: August 21, 2020

*/s/ Joseph Whittington (auth. 8/21/ 2020)*
JOSEPH WHITTINGTON
Rodriguez & Associates
*Attorneys for Plaintiff*

SA2019102796
34337822.docx

**~~PROPOSED~~ ORDER**

Based upon the stipulation of counsel and good cause appearing, the court **ORDERS**:

1. The joint stipulation to modify the Court's April 17, 2020 Scheduling Order is **GRANTED**;

2. The case schedule is amended as follows:

    a. The parties shall complete all non-expert discovery no later than December 23, 2020;

    b. Expert disclosures shall be due no later than January 6, 2021;

    c. Rebuttal expert disclosures shall be due no later than February 3, 2021;

    d. The parties shall complete all expert discovery no later than February 29, 2021;

    e. Non-dispositive motions shall be filed no later than March 15, 2021; and shall be heard no later than April 12, 2021.

    f. Dispositive motions shall be filed no later than April 26, 2021; and shall be heard no later than June 7, 2021.

    g. The pre-trial conference shall be re-scheduled to August 2, 2021;

    h. The jury trial in this case shall be re-scheduled to start on September 27, 2021;

3. All other deadlines and requirements set forth in the Court's April 17, 2019 Scheduling Order remain in effect.

IT IS SO ORDERED.

Dated:   **August 23, 2020**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

Stip.of Parties to Modify the Court's 4/17/2020, Scheduling Order; ~~Proposed~~ Order (1:19-cv-00725-NONE-JLT)