UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOVICHI,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,<br><br>        Defendants. | Case No.: 1:19-cv-00725 LJO JLT<br><br>ORDER GRANTING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 34) |

       Counsel have stipulated three times to amend the case schedule. (Docs. 30, 32, 34) The first time, filed in April 2020, the onset of the COVID-19 pandemic caught the attorneys unawares, but, at that time, they felt they could complete the needed discovery within 90 additional days (Doc. 34 at 3) At that time, defense counsel was expecting his first child to be born within a matter of weeks, and he planned to be on bonding leave for most of August. Id. at 2. The Court granted the stipulation. (Doc. 31)

       In the second stipulation, filed in August, the attorneys reported needing 90 additional days. (Doc. 32) This time, counsel noted that defense counsel's Family Leave would occur in September and plaintiff's counsel experienced the birth of a child and had been out on leave during. Id. at 2. It appeared that, at most, only defendant Venable's deposition was taken since the first stipulation was filed in April. Id. There was no report of any other discovery occurring. Id. Nevertheless, the Court again granted the stipulation. (Doc. 33)

1

The third stipulation filed today, seeks sixty additional days for discovery (Doc. 34 at 1). The stipulation reports that since August, defense counsel has issued subpoenas for medical records and the defense took the plaintiff's deposition. <u>Id</u>. at 2.  Also, the attorneys were set to take a third-party witness deposition on December 2[1] and they needed to set other depositions. <u>Id</u>. Though characterizing this effort as "diligent," they offer little explanation of why they think that the discovery they have completed since April 2020, can fairly be characterized in this manner. The Court does not suggest in any fashion that discovery should have occurred while counsel were out on leave, but the Court does suggest that when they were in the office, it is clear this case has received only a modicum of attention.  If this is all the attention they believe that this case is due, so be it. However, the Court is hard-pressed to agree that this effort equates to diligence. Nevertheless, the Court will once again grant the stipulation.  <u>Counsel are warned that this is the last such stipulation the Court will grant</u>. Thus, the Court **ORDERS** the case schedule amended as follows:

1. All non-expert discovery SHALL be completed no later than February 22, 2021;

2. All expert discovery SHALL be completed no later than April 29, 2021. The parties SHALL disclose their experts no later than March 8, 2021 and any rebuttal experts by April 5, 2021;

3. Any non-dispositive motions SHALL be filed no later than April 16, 2021 and heard no later than May 14, 2021;

4. Dispositive motions, if any, SHALL be filed no later than June 4, 2021 and heard no later than July 19, 2021;

5. The pretrial conference is CONTINUED to September 9, 2021 at 10:00 a.m.

6. The trial is CONTINUED to November 16, 2021 at 8:30 a.m.

IT IS SO ORDERED.

   Dated:   **December 8, 2020**                  **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] There is no indication whether this deposition proceeded.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28