1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  ERICK J. RHOAN, State Bar No. 283588
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7363
6   Fax: (916) 322-8288
    E-mail: Erick.Rhoan@doj.ca.gov
7  *Attorneys for Defendant R. Venable*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **JOHN DOVICHI,** | CASE NO: 1:19-cv-00725-NONE-JLT |
| Plaintiff, | **JOINT STIPULATION TO EXTEND NON-EXPERT DISCOVERY DEADLINE TO DEPOSE PERCIPIENT EYE-WITNESS B. CAMPBELL** |
| v. | |
| **ROBERT VENABLE; and DOES I to 100,** | (Doc. 36) |
| Defendants. | |

Plaintiff, John Dovichi, and Defendant, Robert Venable, by and through their respective counsels of record, respectfully request a short, two-week extension of the February 22, 2021 non-expert discovery deadline for the sole purpose of deposing plaintiff's percipient eye-witness Brenda Campbell, who was exposed to COVID-19. The parties stipulate and agree as follows:

1. The parties seek a brief, two-week extension of the February 22, 2021 non-expert discovery deadline for the sole purpose of deposing plaintiff's percipient eye-witness Brenda Campbell, and for no other purpose. No other modifications of any other deadline in this case is being sought.

2. In its December 8, 2020 Order, the Court warned counsel that it would not grant another stipulated extension of the Discovery and Scheduling Order. (ECF No. 35.). The parties are reluctant to seek additional time after the Court's warning and have been striving to complete all non-expert discovery prior to the deadline. However, unforeseen events have hampered the

1

parties' efforts and now seek the Court's aid in resolving this issue.

3. All non-expert discovery is complete and all planned depositions have been completed with the exception of Brenda Campbell's, a percipient eye-witness who was present during plaintiff's arrest on June 17, 2017. Ms. Campbell is plaintiff's witness.

4. In November 2020, counsel have met-and-conferred to complete the remaining depositions in the case, including Ms. Campbell's deposition. Counsel's office replied with available dates for one witness, but would have to follow up with Ms. Campbell. Later that month, counsel's office offered dates on certain Monday's in December and one in January for Ms. Campbell's deposition.

5. Due to defense counsel's unavailability on the December dates, defense counsel selected Ms. Campbell's availability on January 4, 2021. Defense counsel did not hear back about whether the deposition would go forward. In January 2021, parties' counsel conferred again and set Ms. Campbell's deposition for January 25, 2021.

6. On the morning of January 25, 2021, plaintiff's counsel informed defense counsel that Ms. Campbell's deposition could not go forward because she was exposed to COVID-19 and had tested positive. Since that date, defense counsel has repeatedly inquired about Ms. Campbell's health status via phone and email communications, stating that he was available for Ms. Campbell's deposition whenever she was ready.

7. Telephone calls and text messages to Ms. Campbell have gone unanswered since her COVID-19 diagnosis. Once Ms. Campbell is well enough to give her deposition and a date is cleared with Defense counsel, Plaintiff's counsel is open to waiving notice requirements and timing so that Ms. Campbell's deposition can proceed as soon as possible.

8. Due to these unforeseen circumstances, the parties request a short, two-week extension of the non-expert discovery deadline for the sole purpose of deposing Ms. Campbell, and for no other purpose. The parties do not seek an extension of any other deadline set forth in the Court's December 8, 2020 Order.

///

2

Joint Stipulation to Extend Non-Expert Discovery Deadline to Depose Percipient Eye-Witness B. Campbell
(1:19-cv-00725-NONE-JLT)

1  9. The parties are aware of the Court's admonishment about extending deadlines
2  from its December 8, 2020, and humbly seek this extension in good faith.
3  10. The parties, therefore, seek to extend the non-expert discovery deadline to March
4  8, 2021.
5  IT IS SO STIPULATED.

6  Dated:  February 19, 2020                    */s/ Erick J. Rhoan*
7                                               ERICK J. RHOAN
                                                Deputy Attorney General
8                                               *Attorneys for Defendant R. Venable*

9

10 Dated: February 19, 2020                     */s/ Joseph Whittington (auth. 02/19/2021)*
                                                JOSEPH WHITTINGTON
11                                              Rodriguez & Associates
                                                *Attorneys for Plaintiff*

3

**~~PROPOSED~~ ORDER**

Based upon the stipulation of counsel and good cause appearing, the court **ORDERS** that the February 22, 2021 non-expert discovery deadline is extended to March 8, 2021, for the sole purpose of deposing Brenda Campbell.

All other deadlines and requirements set forth in the Court's December 8, 2021 Scheduling Order remain in effect.

IT IS SO ORDERED.

Dated:   **February 20, 2021**            /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

4

Joint Stipulation to Extend Non-Expert Discovery Deadline to Depose Percipient Eye-Witness B. Campbell
(1:19-cv-00725-NONE-JLT)